# JacksonLewis

Jackson Lewis P.C.
666 Third Avenue
29th Floor
New York, NY 10017
(212) 545-4000 General
(212) 972-3213 Fax
jacksonlewis.com

May 5, 2023

*VIA ECF*
Hon. Gary R. Brown
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: **DeChirico v. Thermo Fisher Scientific, Inc.**
           **Civil Action No. 1:23-cv-01909 (GRB) (SIL)**

Dear Judge Brown:

  We represent Defendant Thermo Fisher Scientific, Inc. ("Defendant") in the above-referenced action and write pursuant to Rule II(f) of Your Honor's Individual Rules to request a pre-motion conference prior to filing a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion to stay this action pending the Second Department's resolution of the *Grant v. Global Aircraft Dispatch, Inc*. appeal and this Court's resolution of the two substantially similar, fully briefed motions to dismiss currently pending before it.

  **I.**  **Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Because there Is No Private Right of Action for Errors in the Frequency with which Payroll Is Processed**

  Plaintiff's case should be dismissed because there is no private right of action for a violation of the payroll frequency provisions of New York Labor Law Section 191, the only cause of action alleged in the Complaint. Plaintiff alleges he was employed as a "manual worker" and thus was required to be paid weekly, instead of biweekly, in violation of NYLL §191. However, "New York State courts (and federal courts in this state applying NYLL) disagree about whether there is a private right of action for violation of §191." *Rath v. Jo-Ann Stores, LLC*, 2022 U.S. Dist. LEXIS 154200, *8 (W.D.N.Y. Aug. 26, 2022). Neither the Court of Appeals nor the Second Circuit have weighed in yet. The New York Court of Appeals decided an analogous case, *Konkur v. Utica Academy of Science Charter Sch*., 2022 N.Y. LEXIS 70 (2022), where the Court refused to recognize a private right of action for violating another section of Article 6, NYLL §198-b (prohibiting wage kick-backs), which provides reason to believe that the New York Court of Appeals would not recognize a private right of action for violating NYLL §191, also an Article 6 provision.

1

As the Court is aware, in the wake of *Vega v. CM & Assoc. Constr. Mgmt, LLC*, 175 A.D.3d 1144 (1st Dept 2019), which recognized a private right of action for violations of NYLL §191 for the first time in 130 years since the weekly payment law passed in 1890, cases have been flooding the EDNY and SDNY (likely more than 100). Many plaintiffs, like Plaintiff here, seek damages equal to one-half of their wages over the past six years – not because they did not receive their wages – rather, because they were paid biweekly instead of weekly. These plaintiffs seek to enforce *Vega's* erroneous holding, hoping that the courts will ignore the NYLL's enforcement scheme of NYLL §218 and the statutory and legislative histories of NYLL §§191 and 198, which demonstrate that no private right of action was intended.

Moreover, there is overwhelming reason to believe the Court of Appeals would not follow *Vega*. First, Vega is no longer good law following *Konkur*, decided after *Vega*.[1] Second, as noted above, *Vega* did not consider the NYLL's enforcement scheme or the structure of the Labor Law. *Vega* did not address NYLL §218, a critical part of the textual analysis, or how the DOL has classified frequency of pay violations for decades. The DOL does not impose liquidated damages for pay frequency claims because they are not wage claims. *Vega* did not review the statutory and legislative histories of NYLL §§191 and 198. The First Department did not have the benefit of any briefing about the legislative history because neither party in that case cited any portion of the extensive statutory or legislative history. Moreover, the Court in *Vega* did not have the benefit (as this Court does) of the 2021 Amendment to the Labor Law. *Vega* is not on solid footing, and therefore neither are the cases that have simply deferred to it.

Accordingly, this Court should not follow *Vega*, but instead should engage in a thorough review of the statutory text, history, legislative history, and case law, all of which we believe point in one direction – that there is no private right of action, express or implied. *Vega* did not do that, and the courts following *Vega*, did not either. We ask that this Court follow the many state and federal cases finding no private right of action exists, or at the minimum permit us to file papers briefing this issue.

II.     **Alternatively, this Court Should Stay this Action Pending the Second Department's Decision in *Grant v. Global Aircraft Dispatch, Inc.* and this Court's Decisions in the Substantially Similar Motions to Dismiss Currently Pending Before It**

As this Court is likely aware, the New York Supreme Court, Appellate Division, Second Department, recently heard oral argument, on April 21, 2023, on the legal question of whether NYLL § 191 provides employees with a private right of action. We expect a decision shortly. The Second Department's decision will provide the Court with critical guidance on this novel question under New York State law. Accordingly, this Court should exercise its discretion and stay this

---

[1] Plaintiff will cite to *Mabe v. Wal-Mart*, 2022 U.S. Dist. LEXIS 53492 (N.D.N.Y. Mar. 24, 2022) in support of his claim that *Konkur* does not conflict with *Vega*. But the court there provided little analysis of *why* the Court of Appeals would follow *Vega* in light of *Konkur* and certainly did not address the arguments Defendant raises here. And notably, the *Mabe* court acknowledged that the New York Court of Appeals "might conclude that Section 191(1)(a) violations are not privately actionable" based on *Konkur*.

case, and any resolution of Defendant's prospective motion to dismiss, until the Second Department's decision in *Grant*.

Further, there are two substantially similar motions to dismiss currently pending before this Court. *See Birthwright v. Advance Auto Parts, Inc.*, (22-cv-00593) and *Rodriguez v. Williams-Sonoma, Inc.*, (22-CV-02436). The claims asserted in the *Advance Auto Parts* and *Williams-Sonoma* Complaints, as well as the arguments raised in the respective motions to dismiss, are nearly identical to the Complaint and prospective motion to dismiss in the case at bar. As such, the Court's resolution of the *Advance Auto Parts* and *Williams-Sonoma* motions to dismiss will necessarily dictate the Court's decision here. While Defendant is prepared to fully brief its prospective motion to dismiss should the Court deem further briefing helpful, to promote judicial efficiency, Defendant is resigned to be bound by the *Advance Auto Parts* and *Williams-Sonoma* decisions, and requests that this case be stayed until such time as those decisions are issued by this Court.

We thank the Court for its attention to this matter.

          Respectfully submitted,
          JACKSON LEWIS P.C.

          */s/ Adam S. Gross*

          Adam S. Gross

cc: All counsel (via ECF)

4881-2673-4431, v. 2